## Terrell v. Terrell, et al.

(Decided June 24, 1927.)

### Appeal from Allen Circuit Court.

1. Tenancy in Common.—One cotenant cannot acquire title to property to prejudice of the other cotenants.

2.  Tenancy in Common.—Cotenancy between children of widow as to their interest in homestead property held to have terminated when third party bought property, subject to homestead rights, at sale to satisfy judgment.

3.  Tenancy in Common.—Where homestead property was sold to satisfy judgment and bought by third person for child claiming homestead right and held for him till subsequently conveyed to him, such child held property as trustee for brothers and sisters, provided they offered to pay their part of purchase money within reasonable time.

4.  Tenancy in Common.—Right of cotenant to share in benefit of purchase of outstanding claim or title is dependent on his having, within reasonable time, elected to bear his portion of expenses necessarily incurred in acquisition of title or claim.

ROBERT S. OLIVER for appellant.

N. F. HARPER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

W. M. Terrell died in Allen county in 1894, leaving a widow and several children. The appellant was the oldest child. W. M. Terrell left a little farm, which was the homestead of the widow and the children. He also left debts aggregating several hundred dollars. The farm was used as a homestead for the widow and the children until the death of the widow in 1925. At that time the children had become of age and left the homestead except the appellee, Letha Terrell, who, although above the age of 21, resided on the land. In 1899 a suit was instituted in the Allen circuit court, and judgment was entered directing a sale of the land, subject to the homestead right of the widow and the infant children. The land was sold and purchased by R. O. Mulligan for a small sum. In 1902 Mulligan conveyed the land to appellant for the recited consideration of $75. Appellant lived on the farm until 1905, when he left home, leaving the land in charge of his mother and the other children. Upon the death of his mother, he instituted this suit to recover the possession of the land.

It is insisted that he could not acquire title to the land at the time he purchased it as he was a cotenant of the other children, and that one cotenant cannot acquire the title to property to the prejudice of the other cotenants. This is the general rule, and the learned chancellor below so held. It is insisted, however, that the cotenancy was terminated when Mulligan bought the land

and that the children of W. M. Terrell were not cotenants when appellant bought it.   This contention is sound, but it is insisted that Mulligan bought the land for appellant and held it for him until it was conveyed to him in 1902 by Mulligan.   If this were true, the judgment of the lower court that appellant held the property, when purchased, as trustee for his brothers and sisters was correct.

There is another question determinative of this case that apparently was not presented to the lower court, and that is that the right of a cotenant to share in a benefit of a purchase of an outstanding claim or title is dependent on his having, within a reasonable time, elected to bear his portion of the expenses necessarily incurred in the acquisition of the title or claim.   The evidence in this case does not show that the other cotenants made any such election within a reasonable time.   If they desired to share in the benefit of the purchase, it was necessary for them to have offered to pay their part of the purchase money within a reasonable time.   Spurlock v. Spurlock, 161 Ky. 248, 170 S. W. 605; Stamps v. Frost, 179 Ky. 418, 200 S. W. 609; Layne v. Layne, 199 Ky. 598, 251 S. W. 667.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.